IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INMATE EUGENE DOWNEY,<br>                Plaintiff<br><br>    vs.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA; MR. MIKE CAPOZZA,<br>Deputy Superintendent; C/O. OFFICER<br>MILLER,<br>                Defendants | Civil Action No. 08-1399<br>Judge Arthur J. Schwab/<br>Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.    Report

The plaintiff, has presented a civil rights complaint against the Commonwealth of Pennsylvania, Deputy Superintendent Mike Capozza and CO Miller alleging a violation of plaintiff's 8th Amendment right to be free from cruel and unusual punishment.

On November 4, 2008, this court issued an order directing plaintiff to complete and file a motion to proceed *in forma pauperis* or, alternatively, to pay the $350 filing fee. Dkt. [2]. When plaintiff failed to respond to the court's order, the court issued an order to show cause why the case should not be dismissed for plaintiff's failure to comply with the court's previous order. Dkt. [3]. To date, plaintiff has failed to respond to these orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders which weighs heavily against him. It is plaintiff's personal responsibility to prosecute his case, which includes payment of the filing fee or seeking pauper status and responding to the court's orders. Plaintiff's failure in this regard over the course of four months appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- service has not been effected and, hence, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of

these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. The plaintiff has not provided the court with any information concerning his financial circumstances. However, given the fact that plaintiff is currently incarcerated, it would appear that monetary sanctions would be ineffective. Additionally, it appears from plaintiff's failure to respond to the court's orders that he has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge


Dated: 31 March, 2009

cc: Eugene Downey
FT-6916
SCI Greene
175 Progress Drive
Waynesburg, PA 15370